RULEY, JUDGE:
In their notice of claim, filed on January 9, 1979, the claimants allege that the respondent destroyed a stone wall *120 upon real property owned by Carol Brown in Glen White, West Virginia, incident to improving and widening a public road in 1973. Claimants seek damages in the sum of $13,140.00.
The respondent has filed a motion to dismiss based upon the two-year period of limitations for which provision is made in West Virginia Code §55-2-12, as follows:
“§55-2-12. Personal actions not otherwise provided for.
Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; . .. .”
West Virginia Code §14-2-21, which provides:
“§14-2-21. Periods of limitation made applicable.
The Court shall not take jurisdiction of any claim, whether accruing before or after the effective date of this article [July 1, 1967], unless notice of such claim be filed with the clerk within such period of limitation as would be applicable under the pertinent provisions of the Code of West Virginia.”
precludes this Court from taking jurisdiction of any claim barred by any applicable period of limitations. In Shered v. Department of Highways, 9 Ct.Cl. 137 (1972), it was stated:
“This Court is bound by express statutory law to apply the statute of limitations in all cases where the statute would be applicable if the claim were against a private person, firm or corporation.”
It appears that the theory of this claim is that it is ex delicto, and, for that reason, the quoted statute applies and the motion must be granted. However, the Constitution of West Virginia, Article III, Section 9, provides that private property shall not be taken or damaged for public use without just compensation, and it may be that mandamus would lie in a proper forum to compel the respondent to institute an eminent domain proceeding.
Motion to dismiss granted.